**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| RICHARD & CRYSTAL CRAMPTON, | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG 20-cv-0498 |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is a lawsuit brought by two parents, who are proceeding without counsel, against the Montgomery County, Maryland, Department of Health and Human Services ("DHHS"), the agency's director, Raymond Crowel, and several of its employees, in particular Marwan Castellani, an on-call caseworker. The amended complaint in this case alleges violations of the Fourth and Fourteenth Amendments to the Federal Constitution via 42 U.S.C. § 1983. Am. Compl. 4, 17–19 (ECF No. 15). For the following reasons, the complaint is DISMISSED, with prejudice.

### BACKGROUND

As Defendants state, this case relates to Children In Need of Assistance ("CINA") and Termination of Parental Rights ("TPR") proceedings that were held in the Circuit Court for Montgomery County. Defs.' Mot. 2, ECF No. 27.[1] The proceedings concerned the Plaintiffs' two minor children, I.C. and E.C. The Defendants' motion provides a comprehensive recitation of the CINA and TPR proceedings that does not need to be repeated here. In short, the proceedings arose

---

[1] The Defendants have moved to seal their motion and the attached exhibits. ECF No. 25. The motion is GRANTED.

1

after police were called to the Red Roof Inn parking lot on Shady Grove Road in Rockville on June 25, 2018. Ex. 1 to Defs.' Mot. (June 25, 2018 Shelter Order) (ECF No. 27-2).[2] There, Mr. and Mrs. Crampton were arguing in the parking lot while their children, ages 15 and 8 months at the time, were inside the motel room, unattended and crying. Ex. 3 to Defs.' Mot. at 2 (June 25, 2018 CINA Petition) (ECF No. 27-4). Apparently, the room where the Crampton family was staying was disheveled, with shattered glass strewn across the floor. *Id.* Police also recovered drug paraphernalia from Mr. Crampton's car. *Id.* at 3. It was this June 25, 2018 incident that led to CINA and TPR proceedings in Montgomery County Circuit Court, which commenced with an Emergency Shelter Hearing that same day. Ex. 1 to Defs.' Mot. At the time Defendants filed the instant motion, the state proceedings were ongoing.

Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the amended complaint in this case alleges, pursuant to § 1983, violations of Mr. and Mrs. Crampton's Fourth Amendment and Fourteenth Amendment rights, and those of their children. Am. Compl. 4. These violations appear to stem from DHHS personnel entering their room at the Ref Roof Inn and the subsequent termination of their parental rights via proceedings in the Montgomery County Circuit Court, noted above. The Cramptons allege the various Defendants misrepresented facts throughout those proceedings. For example, it is alleged (in conclusory fashion) that Raymond Crowell made misrepresentations in petitions seeking a TPR, but the specific misrepresentations are not pleaded in the complaint. Am. Compl. 17. It is also alleged (again in conclusory fashion) that Anna Jung, a caseworker supervisor, gave deliberately false testimony relating to the

---

[2] The Court may take judicial notice of "docket entries, pleadings and papers in other cases" without converting the motion to one for summary judgment. *Mua v. Maryland*, Civ. No. ELH-16-1435, 2017 WL 633392, at *7 (D. Md. Feb. 15, 2017).

children's purported improved condition after their removal from the Cramptons' custody. *Id.* at 18.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). Additionally, well-pleaded facts in the

complaint are accepted as true, s*ee Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), and factual allegations must be construed in the light most favorable to plaintiffs. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008).

### DISCUSSION[3]

**I.     Eleventh Amendment Immunity**

"[U]nder the Eleventh Amendment, a private individual is barred from bringing a suit against a state in federal court to recover damages, unless the state consents [to be sued] or there is an exception to sovereign immunity." *See Coleman v. Court of Appeals of Md.*, 556 U.S. 30, 35 (2012); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996).

While the State of Maryland has waived its sovereign immunity for certain types of cases brought in its own state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Absent waiver or a valid congressional abrogation of sovereign immunity, sovereign immunity also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state." *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Therefore, a state, its agencies and departments, cannot be sued in federal court by its citizens without the state's consent. *See* U.S. Const. Amend, XI; *Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003); *Raiford v.*

---

[3]     The Cramptons may well have waived any argument in opposition to the Defendants' motion in their "Response to State Action" (ECF No. 28), filed apparently in opposition to the motion, that fails to address any of the Defendants' arguments. *See Tawes v. Bd. of Educ.*, Civ. No. RDB-17-2375, 2017 WL 6313945, at *6 (D. Md. Dec. 11, 2017) ("By failing to respond to Defendants' arguments, Plaintiff concedes these claims to Defendants."). However, due to the Cramptons' status as unrepresented litigants and due to the importance of their claims, I also will proceed to discuss the merits of their claims, and not rely solely on their failure to respond to the substance of the Defendants' motion.

*Maryland Dep't of Juvenile Servs.*, DKC-12-3795, 2014 WL 4269076, at *5 (D. Md Aug. 28, 2014).

The Montgomery County Department of Health And Human Services is a State agency, and its employees are State personnel. Md. Code Ann., State Gov't, § 12-101(a)(7) (defining state personnel as "an employee of a county who is assigned to a local department of social services, including a Montgomery County employee who carries out State programs administered under Title 3, Subtitle 4 of the Human Services Article."); Md. Code Ann., Hum. Servs. § 3-402 (a) & (b) ("In Montgomery County, the Montgomery County government shall administer State social service and public assistance programs . . . . The administration of State programs by Montgomery County is governed by State and federal regulations."). Therefore, the Cramptons' claims against DHHS for damages are barred by the Eleventh Amendment and must be dismissed with prejudice, for amendment would be futile.

Because claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity, a suit against the state actor is tantamount to a suit against the state itself. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). Accordingly, the Cramptons' claims for damages against Marwan Castellani, Lisa Merkin, and Anna Jung, in their official capacities, also must be dismissed with prejudice on the grounds of Eleventh Amendment immunity, as amendment would be futile. Am. Compl. 2–3.[4]

---

[4] Only the claims against these Defendants are alleged as official capacity claims. To the extent the amended complaint can be read to assert claims against any of the other DHHS employees in their official capacities, those claims are also dismissed under the Eleventh Amendment.

To the extent the amended complaint brings claims against the Defendants in their individual capacities, those claims must also be dismissed for failure to state a claim, as will be explained below.

## II. Fourth Amendment Claim

As for the Crampton's Fourth Amendment claim, it appears they allege a violation of both their own and their children's Fourth Amendment rights. Am. Compl. 4. But as the Supreme Court has made abundantly clear, individuals may not assert the Fourth Amendment rights of others, and therefore to the extent the claim proceeds on behalf of the Crampton children, it is dismissed for lack of standing.[5] *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.").

Regarding Mr. and Mrs. Crampton themselves, the Fourth Amendment claim similarly fails. Pleading a violation of the Fourth Amendment requires a plaintiff to allege either that he was unlawfully searched or seized. U.S. Const. amend. IV; *United States v. Brignoni-Price*, 422 U.S. 873, 878 (1975) ("The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest."); *Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 701 (E.D.V.A. 2009) (discussing illegal search claim). Additionally, "[t]he essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of 'reasonableness' upon the exercise of discretion by government officials . . . in order to safeguard the privacy and security of individuals against arbitrary invasions . . . ." *Delaware v. Prouse,* 440 U.S. 648, 653–54 (1979) (internal quotation marks omitted).

---

[5] As Defendants note, the Cramptons could not bring suit on behalf of their minor children, considering the Fourth Circuit's bar to non-attorney parents litigating pro se the claims of their children in federal court. *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005).

6

There is no plausible allegation in the complaint that either of the Cramptons were illegally searched or seized when authorities responded to their hotel room.  They also allege that Defendants unconstitutionally took their children from them "under the color of law in an illegal search and seizure of our home, in violation of the 4th Amendment Procedural Due Process Clause for Search and Seizure thus directly contributing to the collective efforts of [Castellani] and all of the named department agents . . . to [] Impair the 14th Amendment Fundamental Liberty Interests of Natural Christian Parent[s] . . . ."  Am. Compl. 19.  As Defendants state, this is no more than a statement of labels, conclusions, and pseudo-legalisms that fail to set forth a plausible Fourth Amendment claim.  *Iqbal*, 556 U.S. at 678–79.  Nothing here amounts to a plausible allegation of unreasonable conduct by any of the defendants.  The Cramptons do not attempt to engage in a reasonableness assessment under the Fourth Amendment. But nor could they on the facts underlying their complaint.  What is clear from their pleading, and the State Court records that I have considered as integral to it, is that Montgomery County officials intervened to protect two small children from a dangerous situation on the night of June 25, 2018 at the Red Roof Inn.  That the Cramptons are upset that they lost custody of their children is understandable, but nothing any official did is plausibly alleged to have been unreasonable. Accordingly, the Fourth Amendment claim is dismissed.

**III.     Fourteenth Amendment Claims**

The Fourteenth Amendment claims similarly fail.  While the Cramptons do not specify which type of due process violation occurred here, due process violations are typically of either a substantive or procedural variety, both of which I will consider.

As Defendants state, claims for violations of substantive due process must shock the conscience.  *Young v. City of Mount Rainier*, 238 F.3d 567, 574 (4th Cir. 2001); *see also Hodge v.*

*Jones*, 31 F.3d 157, 164 (4th Cir. 1994) (stating that there is not a "constitutional right to be free from child abuse investigations.") (citation omitted).  Nothing here rises to the level that would shock the conscience.  The issues underlying the Montgomery County Circuit Court proceeding are well established in the Defendants' memorandum in support of their motion and the exhibits attached thereto, of which I take judicial notice.  *See Mua*, *supra*, note 1.  The public records associated with this case show a family in crisis and State employees who sought to safeguard vulnerable children.  *E.g.*, Ex. 3 to Defs.' Mot.  Rather than shock the conscience, state intervention is *exactly* what would be expected when small children are around volatile, unsafe, and potentially abusive circumstances, not to mention circumstances in which police found a used needle in Mr. Crampton's car after Mrs. Crampton stated there was crack in the car.  *Id*. at 3, ¶ 2.e.  Accordingly, the amended complaint fails to state a plausible substantive due process claim.

To the extent the Plaintiffs bring a procedural due process claim, it also fails.  In the context of child custody proceedings and possible loss of parental rights, the parents have a right "to a hearing initiated by the State before [they] may be deprived of the custody of [their] child, and in an emergency a prompt hearing may ratify the state action." *Weller v. Dep't Soc. Servs.*, 901 F.2d 387, 398 (4th Cir. 1990); *Feller v. Feller*, No. TDC-18-0108, 2020 WL 1322946 at *5 (D. Md. Mar. 20, 2020) (finding under *Weller* that DHHS's adoption of a Safety Plan that eliminated father's custodial visits did not violate due process).  What is clear here is that DHHS adhered to its procedural due process requirements*, see* Ex. 7 to Defs.' Mot. (state court docket noting numerous hearings from June 25, 2018 through July 7, 2020), and any claim alleging procedural due process must fail.  Similarly, the purported false statements made by the individual defendants are merely conclusory assertions and do not pass muster under Fed. R. Civ. P. 8(a).

## IV.     Respondeat Superior Liability

The amended complaint repeatedly alleges that certain supervisors are liable for the conduct of those they supervised.  Specifically, it is alleged that Mr. Crowel is "liable, as Director, for his oversight in the actions of his employees," that Ms. Merkin is "responsible, for the petitioning process submitted by her staff and the honesty put forth therein," and that Ms. Jung is "responsible for the honest and just petitioning power of [] the writers in Petitions Nos. 6-1-18-000103 and 6-1-18-000104.  Am. Compl. 17–18.  However, § 1983 claims relying upon a respondeat superior theory against individual defendants require a plausible allegation that a supervisor had knowledge of a subordinate's conduct that posed an unreasonable risk of constitutional injury, that the supervisor was deliberately indifferent to the offending conduct, and that there was a causal link between the supervisor's inaction and the plaintiff's injury.  *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); *Pearson v. Simms*, 345 F. Supp. 2d 515, 520 (D. Md. 2003).  The Cramptons' claim fails to allege the latter two elements.  Therefore, any allegation that supervisors named in the complaint are liable under a respondeat superior theory must therefore be dismissed.

## **Conclusion[6]**

For the foregoing reasons, the Defendants' motion to dismiss, ECF No. 27, is GRANTED; the Amended Complaint is dismissed with prejudice because I find that any further amendment to the Plaintiffs' pleadings would be futile. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (noting determination of whether dismissal should be with prejudice is within district court's discretion); *Stump v. Wilkie,* No. 20-CV-00369, 2021 WL 2044201, at *3 (W.D.

---

[6]     In light of the Court's ruling, the Crampton's "Motion for Leave of Court" (ECF No. 30), which requests that this case proceed, is denied as moot.

Va. May 21, 2021) (observing complaints that are curable should be dismissed without prejudice).

A separate order shall issue.

DATED this 25th day of August, 2021.

                                                BY THE COURT:

                                                _____/s/_____
                                                Paul W. Grimm
                                                United States District Judge